UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/b/o Precision Roofing and Sheet Metal, LLC | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:20-CV-45-TAV-HBG ) |
| NORTH AMERICAN SPECIALITY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) ) |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 23] of the District Judge.

Now before the Court is Defendant's Objection to Request for Entry of Default ("Objection") [Doc. 21]. Specifically, Defendant requests that Plaintiff's Application for Entry of Default [Doc. 16] be denied. The Court notes that Plaintiff has not responded to the Objection, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Accordingly, the Court **RECOMMENDS** that Defendant's Objection [**Doc. 21**] be **GRANTED** and that default not be entered against Defendant.

**I.    PROCEDURAL HISTORY**

The Complaint [Doc. 1] in this case was filed on January 31, 2020. On February 24, 2020, a letter was filed noting that the Department of Commerce and Insurance was served on February 10, 2020. [Doc. 13]. On May 21, 2020, Plaintiff filed a motion for default judgment [Doc. 14]. On May 22, 2020, the Clerk entered a notice that Plaintiff had not complied with Federal Rule of

Civil Procedure 55 because Plaintiff had not filed an application for a default prior to filing its motion for default judgment. [Doc. 15].

On the same day, May 22, 2020, Plaintiff filed an Application for Clerk's Default [Doc. 16]. The Clerk instructed Plaintiff to file an affidavit by the Tennessee Department of Commerce and Insurance showing compliance with the service rules on or before June 24, 2020. [Doc. 18]. Plaintiff did not file an affidavit. Subsequently, on July 1, 2020, Defendant filed an Answer [Doc. 19], and on July 2, 2020, Defendant filed the instant Objection.

## II.  ANALYSIS

The instant Objection states that the Clerk has not entered a default against Defendant and that Defendant has now responded to the Complaint. Defendant states that by filing its Answer, prior to default being entered, it has sufficiently pled or otherwise defended Plaintiff's action. Thus, Defendant states that Plaintiff is not entitled to a default.

As mentioned above, Plaintiff has not responded to the Objection, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2. Therefore, Defendant's request can be granted on this basis alone. In any event, however, the Court notes, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Defendant filed its Answer before the Clerk had entered a default. *Horacek v. Wilson*, No. 07-13822, 2008 WL 4093721, at *1 n. 1 (E.D. Mich. Aug. 28, 2008) ("Thus, if defendant Wilson answers or otherwise defends before plaintiff properly requests entry of default or before the Clerk properly enters the default, no default may be entered.").

Further, the Court observes that the parties have filed their Joint Report of the Parties' Planning Meeting [Doc. 25], proposing deadlines and a trial date. Thus, it appears to the Court

that the parties are ready to proceed on the merits. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986) (noting the "strong policy in favor of deciding cases on their merits").

## III. CONCLUSION

Accordingly, for the reasons explained above, the Court **RECOMMENDS**[1] that Plaintiff's Application for Entry of Default [**Doc. 16**] be **DENIED** and that Defendant's Objection [**Doc. 21**] be **GRANTED**.

Respectfully submitted,

Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).